MARGARET E. SKIPPER v. HAMORE CORP., d/b/a HOWARD JOHNSON'S MOTOR LODGE.

(Filed 4 November, 1964.)

**Negligence § 37f—**

Evidence *held* insufficient to show negligence on the part of the proprietor causing fall of patron when she failed to observe the difference of five inches in elevation between the floor and door of a motel room and the walk.

APPEAL by plaintiff from a judgment of nonsuit entered by *McConnell, J.*, at the May 25, 1964 Session, FORSYTH Superior Court.

Plaintiff alleged that as an invitee she entered the defendant's motel room No. 105 as the guest of the occupants, Mr. and Mrs. Grice. The entrance to the room was from the outside and elevated about five inches above the concrete walk constructed along the building and as a part of it. After remaining in the room for about 30 minutes, she attempted to leave but failed to observe the difference in elevation between the door and the walk, lost her balance, fell, and was injured. She testified the lights were somewhat dim and there was little or no contrast in the colors of the floor of the room and the walk. However, the evidence disclosed there was an outside light on the wall between rooms 105 and 104. Also, there were lights on the top of the building illuminating the parking area which bordered the walkway. She introduced evidence of rather serious injuries necessitating the payment of hospital bills and causing loss of time from work.

The defendant answered, denied negligence, and affirmatively alleged the building and entrance to the rooms were constructed according to standard building plans and practices, and that ample light on the outside of room No. 105 disclosed the difference in elevation between the walk and the room; that plaintiff's fall was a result of her own failure to look where she was placing her feet, although 30 minutes be-

fore her fall she had entered the room by the same door. Hence she was, or should have been, familiar with the difference in the elevations.

From the judgment dismissing the action, plaintiff appealed.

*Harold R. Wilson, Alvin A. Thomas for plaintiff appellant.*

*Deal, Hutchins and Minor, by John M. Minor, Thomas W. Moore, Jr., for defendant appellee.*

PER CURIAM. If we concede the complaint states a cause of action, the evidence fails to show the plaintiff's fall and injury in stepping down from the level of the room to the level of the walk resulted from defendant's negligence. The plaintiff had stepped from the walk to the door only 30 minutes before her fall. Neither the light nor the color of the walk had changed. Hence she was charged with notice of the difference in the elevations. Evidence of actionable negligence is lacking. The judgment of nonsuit is

Affirmed.